THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

THI NGUYEN TRAM BUI,

Defendant.

CASE NO. CR13-0157-JCC

ORDER

The Court enters this order consistent with the status hearing in this matter held on December 6, 2013. This Court's decision to continue trial is based on, and specifically incorporates, the facts stated in the pleadings filed by the parties, the facts stated in the earlier pleadings regarding trial dates, and facts apparent from the record, including the following specific findings by this Court:

1. This case involves an alleged conspiracy to manufacture marijuana at several locations in Western Washington. Two of the three charged defendants, Thi Nguyen Tram Bui and Keith K. Ly, were arrested on May 30, 2013. Trial originally was scheduled for July 29, 2013. Both defendants were released pending trial. The original trial date was then continued until October 28, 2013, and again continued to December 9, 2013, at the request of defendants.

2. On October 22, 2013, a Superseding Indictment was returned charging the above-captioned defendants with the offense of Conspiracy to Manufacture and Distribute Marijuana (Count 1) and Manufacturing Marijuana (Counts 2–4). Defendant Ly was further charged with counts of Maintaining Drug-Involved Premises (Counts 5–7) and Wire Fraud (Counts 8–10).

3. On November 12, 2013, Defendant Ly filed a motion to sever, requesting a separate trial from his co-defendant, Bui, pursuant to Rule 14 of the Federal Rules of Criminal Procedure. (Dkt. No. 81.) The Court denied the motion, based on the information before it. (Dkt. No. 88.)

4. On December 3, 2013, Defendant Ly filed a motion for reconsideration of the Court's prior Order denying his motion to sever, along with supplemental information supporting the basis for relief requested. (Dkt. No. 92.) Simultaneously, Defendants Ly and Bui also filed a motion to continue the trial date. (Dkt. No. 93.) In support, defense counsel for Ly indicated that he required additional time to consult a financial analyst and prepare for trial. Both Defendant Bui and Defendant Ly executed written waivers of their rights to a speedy trial. (Dkt. Nos. 98, 100.)

4. By Order dated December 4, 2013, the Court granted the Defendant's motions to sever and to continue the trial, vacated the December 9, 2013, trial date, and directed the parties to appear on December 6, 2013, to reschedule new dates for the trials of each defendant.

5. The trial of the defendants having been severed, the Court concluded that the facts and circumstances were such that additional time was required to review the evidence and to provide the defendants with adequate, effective representation.

6. The Court has concluded that the delayed trial date is necessary to prevent a miscarriage of justice for the reasons stated by Defendants in their motion to continue, including

the need to prepare for the severed, rather than joint, trials, and for the defense to hire a financial expert.

In light of the interest of the public in ensuring the accused adequate, effective, and continued representation by counsel, this Court finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and defendants in a speedy trial. This Court further concludes that the above factual findings and bases for continuing the trial comport with 18 U.S.C. § 3161(h) and the United States Supreme Court's decision in *Zedner v. United States*, 126 S. Ct. 1976 (2006).

Accordingly, the following trial dates were established:

Trial for Defendant Keith K. Ly is reset for March 17, 2014 at 9:30 a.m.

Trial for Defendant Thi Nguyen Tram Bui is reset for March 24, 2014, at 9:30 a.m.

THE COURT SPECIFICALLY FINDS that all of the delay caused by this continuance shall be excluded from computation for both defendants under 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv), because the failure to grant the requested continuance would be likely to result in a miscarriage of justice, and because the specific circumstances of the case would deny counsel for both of the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Given the specific facts surrounding this case, this continuance is necessary to permit adequate preparation for trial itself within the time limits established by the Speedy Trial Act.

The Court further finds that the request for a delay until March of 2014 is reasonable in light of the specific facts as found above and otherwise apparent from the record. The Court therefore ORDERS that all the time from the date the motion to continue was filed through the date the jury is empaneled for each defendant in March of 2014, is excluded as to both

defendants. The Court finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedier trial.

Dated this 20th day of December, 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE